IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AJIN INDUSTRIAL CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-286-WKW |
| ) | [WO] |
| KRP, INC., and HYUNG SAM LIM, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant KRP, Inc.'s ("KRP") motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. (Doc. # 12); Fed. R. Civ. P. 12(b)(1), (6). Plaintiff AJIN Industrial Co., Ltd. ("AJIN"), filed a response in opposition to the motion, and a reply and sur-reply followed. (Docs. # 14, 15, 19.) After careful consideration of the arguments of counsel, the relevant law, and the pleadings, the court finds that the motion is due to be denied.

### I. JURISDICTION AND VENUE

The parties do not contest personal jurisdiction or venue. Subject-matter jurisdiction is in dispute, but, as set out in this opinion, is proper pursuant to 28 U.S.C. § 1332.

## II.  STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject-matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the complaint "sufficiently allege[s] a basis of subject-matter jurisdiction," employing standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013).

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). Rule 12(b)(6) review also includes consideration of any exhibits attached to the complaint. *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III.  BACKGROUND

This diversity action arises out of a sales and service contract between AJIN and KRP.  KRP contracted with AJIN to purchase a welding equipment inspection system for $240,000.  AJIN delivered the system in December 2012, oversaw its installation in March 2013, and received a $50,000 payment in February 2014.  KRP made no more payments under the contract, however.  As a result, AJIN brought this lawsuit against KRP for breach of contract, unjust enrichment, fraud, and promissory fraud.

After AJIN perfected service on KRP, settlement negotiations commenced and culminated in an agreement that required KRP to pay AJIN in full on a monthly payment schedule, beginning on June 30, 2014, and ending on November 30, 2014 ("Settlement Agreement").  KRP's president, Hyung Sam Lim, personally guaranteed the Settlement Agreement, but KRP failed to make the first or second payment.  Consequently, on August 6, 2014, AJIN amended the Complaint to add claims against Mr. Lim and KRP for breach of the Settlement Agreement.[1]  KRP responded to the Amended Complaint with the pending Rule 12(b)(1) and 12(b)(6) motion to dismiss.[2]

---

[1] AJIN properly filed its Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

[2] Mr. Lim has not filed an answer or response to the pleadings.

3

## IV.  DISCUSSION

All of KRP's arguments for Rule 12(b)(1) and Rule 12(b)(6) dismissal have been considered.  None has merit, and only a few warrant any discussion.

First, as to KRP's invocation of Rule 12(b)(1), the Amended Complaint predicates jurisdiction on 28 U.S.C. § 1332.  It alleges that the parties are of diverse citizenship:  A foreign corporation versus a domestic corporation and an Alabama citizen.  (*See* Am. Compl. ¶¶ 1–3 (delineating with particularity the citizenship of each party).)  The Amended Complaint further avers that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

KRP does not dispute the Amended Complaint's allegations of citizenship and jurisdictional amount.  Rather, KRP focuses on AJIN USA, who is not a party to this action, contending that "its name and location . . . suggests a domestic corporation that would destroy . . . diversity."  (Doc. # 12, at 2.)  The basis of this argument is unclear.

The general rule is that diversity jurisdiction rests on the citizenship of the named parties, and KRP presents no reason or authority why the citizenship of AJIN USA, a non-party, is relevant for purposes of subject-matter jurisdiction.  *See CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) ("Ordinarily, we look only to the citizenship of the named parties . . . in order to determine whether complete diversity exists.").  Accordingly, subject-

matter jurisdiction is proper pursuant to § 1332, and KRP's argument is unpersuasive.

Second, KRP argues that the Amended Complaint is "premature" and "fails to state a claim" because its filing preceded the date the final payment was due under the Settlement Agreement and because AJIN "has received $50,000 from KRP already." (Doc. # 12, at 2.) However, these arguments do not address or vitiate the Amended Complaint's claims that KRP breached the original contract by paying only $50,000 of the $240,000 purchase price and that KRP breached the Settlement Agreement by failing to make the initially required monthly payments. KRP offers no persuasive reason for finding that the Amended Complaint is premature or fails scrutiny under Rule 12(b)(6). Accordingly, the Rule 12(b)(6) arguments are unpersuasive.[3]

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant KRP, Inc.'s motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim (Doc. # 12) is DENIED.

DONE this 29th day of January, 2015.

                                             /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In its reply brief, KPR raises new arguments in support of its motion to dismiss. The new arguments fail for substantially the same reasons set out by AJIN in its sur-reply.